GARY M. RESTAINO
United States Attorney
District of Arizona
GAYLE L. HELART
California State Bar No. 151861
Email: Gayle.Helart@usdoj.gov
PATRICK CHAPMAN
Arizona State Bar No. 025407
Email: Patrick.Chapman@usdoj.gov
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

FILED ☒    LODGED ___
RECEIVED ___    COPY ___

SEP 1 7 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

SEALED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-1529-PHX-SPL (ESW) |
| Plaintiff, | **I N D I C T M E N T** |
| vs. | VIO: 18 U.S.C. §§ 1952(a)(1)(A) and 2 (Using Facility of Interstate Commerce in Aid of Racketeering Enterprises, Aid and Abet) Count 1 |
| 1. Varsha Patel, (Counts 1-37, 42-44) | 18 U.S.C. §§ 1952(a)(3)(A) and 2 (Using Facility of Interstate Commerce in Aid of Racketeering Enterprises, Aid and Abet) Count 2 |
| 2. Nilam Patel, (Counts 1-37) | |
| 3. Sarang Hospitality LLC, aka Royal Inn (Counts 1-37) | 21 U.S.C. §§ 856(a)(1), 856(a)(2) and 856(b), 18 U.S.C. § 2 (Maintaining Drug-Involved Premises, Aid and Abet) Count 3 |
| 4. Anthony Curtis, (Count 38) | |
| 5. Otis Childers, (Count 39) | 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2 (Promotional Money Laundering, Aid and Abet) Counts 4 – 37 |
| 6. Chauntelle Mills, (Count 40) | |
| 7. Leonardo Guerrero, (Count 41) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Distribution of Fentanyl) Counts 38, 39, 41 |
| Defendants. | |

21 U.S.C. §§ 841(a)(1) and
841(b)(1)(C)
(Distribution of Methamphetamine)
Count 40

15 U.S.C. § 645(a)
(False Statements for Small Business
Administration Loan)
Counts 42-44

18 U.S.C. §§ 981(a)(1)(A),
981(a)(1)(C) and 982(a)(1),
21 U.S.C. §§ 853 and 881
and 28 U.S.C. § 2461(c)
(Forfeiture Allegations)

**THE GRAND JURY CHARGES:**

At all times material to this Indictment, within the District of Arizona and elsewhere:

**Introduction**

1.    Defendants VARSHA PATEL, NILAM PATEL, and SARANG HOSPITALITY LLC, operated a hotel business known as the Royal Inn at 2510 West Palo Verde Drive, Phoenix, Arizona 85017, that primarily rented rooms to individuals engaging in prostitution and drug dealing activities.  From in or around 2017, through in or around September 2024, Defendants VARSHA PATEL, NILAM PATEL, and SARANG HOSPITALITY LLC used the funds they obtained from the Royal Inn room rentals to pay the monthly mortgage payment and utilities for the Royal Inn, pay the monthly mortgage payment for a home located at 16193 Vermeer Drive, Chino Hills, California, 91709, fund certificates of deposit, purchase life insurance policies, and pay for usual day-to-day living expenses.

2.    Between at least March 25, 2015, and September 2024, Defendant VARSHA PATEL was a resident of California.  Defendant VARSHA PATEL filed the Articles of Organization with the Arizona Corporation Commission for Defendant SARANG HOSPITALITY LLC on or about November 7, 2012.  Defendant VARSHA PATEL was reflected as the statutory agent and the only member of Defendant SARANG

- 2 -

HOSPITALITY LLC.  Defendant VARSHA PATEL listed the address for the place of business for Defendant SARANG HOSPITALITY LLC as 2510 West Palo Verde Drive, Phoenix, Arizona 85017.

3.     On or about July 24, 2016, Defendant VARSHA PATEL, signing as the Member/Manager of Defendant SARANG HOSPITALITY LLC, filed a Certificate of Fictitious Name with the Maricopa County (Arizona) Recorder's Office which reflected that Defendant SARANG HOSPITALITY LLC would be conducting business under the name of the Royal Inn, located at 2510 West Palo Verde Drive, Phoenix, Arizona 85017.

4.     On or about April 30, 2020, Defendant VARSHA PATEL submitted a PPP Loan Application to a bank which reflected that Defendant SARANG HOSPITALITY LLC was doing business as (dba) the Royal Inn.

5.     Defendant NILAM PATEL was a resident of Phoenix, Arizona.  Defendant NILAM PATEL was the day-to-day manager of the Royal Inn located at 2510 West Palo Verde Drive, Phoenix, Arizona 85017.  Defendant NILAM PATEL lived at the Royal Inn and operated the front office where she met with renters who she knew were there to engage in prostitution and drug dealing, took payment from them in the form of cash and credit/debit cards, and facilitated individuals to conduct their illegal activities on the Royal Inn property.

6.     Defendant SARANG HOSPITALITY LLC, dba the Royal Inn, was a limited liability company formed under the laws of Arizona with its principal place of business being 2510 West Palo Verde Drive, Phoenix, Arizona 85017.  The Royal Inn facilitated illegal activities by renting rooms to people knowing that their purpose was to use the rooms for prostitution and drug dealing activities.

7.     Defendants VARSHA PATEL, NILAM PATEL, and SARANG HOSPITALITY LLC are referred to at times in this Indictment as the "ROYAL INN DEFENDANTS."

**The Business Model**

8.     The Royal Inn, located at 2510 West Palo Verde, Phoenix, Arizona 85017,

- 3 -

is located approximately two blocks away from "the blade" on 27th Avenue. The blade in Phoenix along 27th Avenue runs from approximately Indian School Road on the south to Bethany Home Road on the north. "The blade" is a slang term for a city or town area known for high rates of prostitution between commercial sex workers and customers known as "dates." In Phoenix, sex workers utilize the Royal Inn to conduct sex acts with their dates.

9.      Prostitution is illegal in Arizona under Arizona Revised Statute (A.R.S.) § 13-3214. Pursuant to A.R.S. § 13-3211, Prostitution is defined as engaging in or agreeing or offering to engage in sexual conduct under a fee arrangement with any person for money or any other valuable consideration. Sexual Conduct means sexual contact, sexual intercourse, oral sexual contact, or sadomasochistic abuse under A.R.S. § 13-3211(8). Sexual contact means any direct or indirect fondling or manipulating of any part of the genitals, anus, or female breast under A.R.S. § 13-3211(9).

10.     Pursuant to A.R.S. § 13-3407, it is illegal to deliver, sell or transfer narcotics or dangerous drugs. Pursuant to A.R.S. § 13-3408, it is illegal for a person to knowingly possess or use narcotics or dangerous drugs. Narcotics or dangerous drugs are defined under A.R.S. § 13-3401 and includes Fentanyl, Methamphetamine, and Percocet. Pursuant to 21 U.S.C. § 841(a), it is illegal to distribute a controlled substance, including Fentanyl and Methamphetamine, both of which are Schedule II narcotics under the Controlled Substances Act.

### Abatement Efforts and Knowledge

11.     The ROYAL INN DEFENDANTS were aware that most activities at the Royal Inn were illegal acts of prostitution, drug dealing, and drug using. On approximately April 1, 2015, Defendant VARSHA PATEL and a family member met with Phoenix Police Department officials who told them that there were high crime rates, including prostitution and drug related crimes, at the Royal Inn property. The recommendations at this meeting included reducing the amount of cash customers, immediate evictions for rules violations, and monitoring the parking lot to allow only registered vehicles.

12.     On approximately May 16, 2017, a Phoenix Police Department officer contacted Defendant NILAM PATEL relating to a current prostitution investigation involving a sex worker and her boyfriend staying at the Royal Inn. Defendant NILAM PATEL was familiar with the sex worker stating that the boyfriend had paid for the room. The Phoenix Police Department officer informed Defendant NILAM PATEL of the fact that many prostitutes and associated men stayed at the Royal Inn. Defendant NILAM PATEL stated that all people deserved a place to live, and she was providing a service.

13.     On May 20, 2019, a Phoenix Police Department official spoke with Defendant NILAM PATEL at the Royal Inn property with Defendant VARSHA PATEL on the telephone. The Phoenix Police Department informed both Defendant NILAM PATEL and Defendant VARSHA PATEL that there were approximately two hundred (200) calls for service at the Royal Inn since January 2017 and that the property was a nuisance in the area for prostitution and drug dealing activities. The recommendations at this meeting included to be proactive and call the police if any criminal or suspicious activities were involved.

14.     On April 18, 2022, Phoenix Police Department officials met with Defendant NILAM PATEL and Defendant VARSHA PATEL's spouse at the Royal Inn. The Phoenix Police Department informed Defendant NILAM PATEL and the spouse that there were ongoing citizen complaints relating to drug selling and commercial sex acts at the Royal Inn, and the discussion included a specific example of a person arrested for drug dealing. Defendant NILAM PATEL stated that she was the manager and the person currently in charge of decision making. Defendant NILAM PATEL said her cousin, Defendant VARSHA PATEL, was the owner. The Phoenix Police Department gave one recommendation to Defendant NILAM PATEL at this meeting to ask for a credit card and identification together in the same name because people involved in criminal activities would usually not provide a credit card.

15.     On May 10, 2022, Phoenix Police Department officials met with Defendant NILAM PATEL at the Royal Inn and served her with an abatement letter due to the calls

for service and criminal activity taking place at the property.   The Phoenix Police Department officials directed Defendant NILAM PATEL to speak with the owner, Defendant VARSHA PATEL, to enact stricter rental guidelines such as being appropriately dressed, only two adults in a room, and having all visitors check in with management.

16.    On June 12, 2023, Phoenix Police Department officials met with Defendant NILAM PATEL at the Royal Inn and served her with an abatement letter related to the criminal activities at the property including approximately one hundred and seventy-seven (177) calls for service since January 2023.   During this meeting, Defendant NILAM PATEL contacted Defendant VARSHA PATEL by telephone.   The Phoenix Police Department read the abatement letter to Defendant VARSHA PATEL on the telephone call and Defendant VARSHA PATEL stated that her nephew was acting on her behalf at the current time due to her medical issues.   This nephew called a few minutes later and discussed abatement efforts.

**Knowledge and Facilitation of Prostitution and Drug Dealing**

17.    Defendants NILAM PATEL and SARANG HOSPITALITY LLC took a variety of steps to intentionally facilitate the illegal activities of prostitution and drug dealing, including, but not limited to:

- renting rooms to persons who overtly engaged in prostitution;
- directing the sex workers to attract sex buyers off the property;
- directing the sex worker to walk separate from the sex buyer while going to the room;
- directing the sex workers and pimps to park off the property;
- alerting sex workers and pimps of law enforcement presence;
- renting rooms to persons who distributed illegal drugs;
- directing the drug dealers to park off the property;
- alerting drug dealers of law enforcement presence;
- failing to request a credit card together with a government issued identification in order to rent a room;

- not evicting persons engaged in prostitution and drug dealing, thereby allowing lengthy stays at the Royal Inn without detection; and
- not calling the police when criminal activities were occurring.

**Financial Information**

18.     Defendant SARANG HOSPITALITY LLC, dba the Royal Inn, had a checking bank account at Bank of America ending in 1660. Defendant VARSHA PATEL, Defendant VARSHA PATEL's spouse, Defendant VARSHA PATEL's daughter, and Defendant NILAM PATEL were the four account holders with signature authority on the account. None of these four account holders had any other apparent source of income. At Bank of America locations in Arizona, routine deposits of cash went into the account ending in 1660 and all four signatories received money. For example, from January 2017 through May 2023, there were approximately six hundred and seventy-seven (677) identified and individual cash deposits into Defendant SARANG HOSPITALITY's account for a total of $1,173,297.00. The merchant income (i.e. credit card) deposited into the account from January 2017 through May 2023, was $352,322.00. From this account, Defendant VARSHA PATEL received $307,400 during this time frame, most in the form of checks written to her specifically. From this account, Defendant NILAM PATEL received $121,700.00 during this time frame, mostly in the form of checks. This same checking account ending in 1660 funded several other accounts with varied combinations of the same four signatories.

**COUNT 1**

The allegations of paragraphs 1-18 above are incorporated by reference as if fully set forth herein. On or between approximately October 1, 2019 through September 17, 2024, in the District of Arizona, and elsewhere, Defendants VARSHA PATEL, NILAM PATEL and SARANG HOSPITALITY LLC used a facility in interstate and foreign commerce, namely, a bank transfer to pay the mortgage of the Royal Inn business located at 2510 West Palo Verde Drive, Phoenix, Arizona 85017, with the intent to distribute the proceeds of any unlawful activity, that is, maintaining drug-involved premises in violation

- 7 -

of 21 U.S.C. § 856(a) and prostitution offenses in violation of A.R.S. § 13-3214 (Prostitution) and thereafter distributed the proceeds of such unlawful activity, and did aid and abet such activity.

All in violation of Title 18, United States Code, Sections 1952(a)(1)(A) and 2.

## COUNT 2

The allegations of paragraphs 1-18 above are incorporated by reference as if fully set forth herein. On or between approximately October 1, 2019 through September 17, 2024, in the District of Arizona, and elsewhere, Defendants VARSHA PATEL, NILAM PATEL and SARANG HOSPITALITY LLC used a facility in interstate and foreign commerce, namely, a bank transfer to pay the mortgage of the Royal Inn business located at 2510 West Palo Verde Drive, Phoenix, Arizona 85017, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, maintaining drug-involved premises in violation of 21 U.S.C. § 856(a) and prostitution offenses in violation of A.R.S. § 13-3214 (Prostitution) and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, and did aid and abet such activity.

All in violation of Title 18, United States Code, Sections 1952(a)(3)(A) and 2.

## COUNT 3

The allegations of paragraphs 1-18 above are incorporated by reference as if fully set forth herein. Between on or about October 1, 2019 through September 17, 2024, in the District of Arizona and elsewhere, Defendants VARSHA PATEL, NILAM PATEL, and SARANG HOSPITALITY LLC did unlawfully and knowingly open, lease, rent, use, maintain, manage, and control the Royal Inn, located at 2510 West Palo Verde Drive, Phoenix, AZ 85017, as an owner, lessee, agent, employee, occupant, and mortgagee, and did knowingly and intentionally rent, lease, profit from, and make available for use with and without compensation, said place for the purpose of unlawfully manufacturing, storing, distributing and using a controlled substance, and did aid and abet such activity.

- 8 -

All in violation of Title 21, United States Code, Sections 856(a)(1), 856(a)(2) 856(b), and Title 18, United States Code, Section 2.

### COUNTS 4 - 37

The allegations of paragraphs 1-18 above are incorporated by reference as if fully set forth herein. On or about the dates below, in the District of Arizona and elsewhere, Defendants VARSHA PATEL, NILAM PATEL, and SARANG HOSPITALITY LLC did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, payments for the mortgage for the Royal Inn, which involved the proceeds of a specified unlawful activity, that is, racketeering in violation of 18 U.S.C. §§ 1952(a)(1)(A) and 1952(a)(3)(A) and dealing in a controlled substance and listed chemical, as defined in section 102 of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity, to wit: racketeering in violation of 18 U.S.C. §§ 1952(a)(1)(A) and 1952(a)(3)(A) and dealing in a controlled substance and listed chemical, as defined in section 102 of the Controlled Substances Act, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and did aid and abet such activity, to wit:

| Count | Date (On or about) | Amount (approximately) | Nature of Financial Transaction |
|-------|--------------------|------------------------|--------------------------------|
| 4 | October 1, 2019 | $2,574.04 | ACH from Sarang Hospitality LLC, Bank of America, Account #1660 |
| 5 | November 1, 2019 | $2,470.93 | ACH from Sarang Hospitality LLC, Bank of America, Account #1660 |
| 6 | December 2, 2019 | $2,470.93 | ACH from Sarang Hospitality LLC, Bank of America, Account #1660 |
| 7 | January 2, 2020 | $2,470.93 | ACH from Sarang Hospitality LLC, Bank of America, Account #1660 |
| 8 | February 3, 2020 | $2,420.52 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 9 | March 2, 2020 | $2,420.52 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |

| 10 | October 22, 2020 | $2,131.26 | Check #2433 from Sarang Hospitality LLC, Bank of America Account #1660 |
| 11 | October 30, 2020 | $106.56 | Check #2474 from Sarang Hospitality LLC, Bank of America Account #1660 |
| 12 | November 2, 2020 | $2,131.30 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 13 | December 1, 2020 | $2,131.30 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 14 | January 4, 2021 | $2,131.30 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 15 | July 1, 2021 | $2,130.66 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 16 | August 2, 2021 | $2,130.69 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 17 | September 1, 2021 | $2,130.69 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 18 | October 1, 2021 | $2,130.69 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 19 | November 1, 2021 | $2,130.70 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 20 | December 1, 2021 | $2,130.70 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 21 | January 3, 2022 | $2,130.70 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 22 | February 1, 2022 | $2,130.70 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 23 | March 1, 2022 | $2,130.70 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 24 | April 1, 2022 | $2,130.70 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 25 | May 2, 2022 | $2,174.09 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 26 | June 1, 2022 | $2,174.09 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 27 | July 1, 2022 | $2,174.09 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 28 | August 1, 2022 | $2,395.64 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 29 | September 1, 2022 | $2,395.64 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 30 | October 3, 2022 | $2,395.64 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 31 | November 1, 2022 | $2,672.99 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 32 | December 1, 2022 | $2,672.99 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |

| 33 | January 3, 2023 | $2,672.99 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 34 | February 1, 2023 | $2,912.71 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 35 | March 1, 2023 | $2,912.71 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 36 | April 3, 2023 | $2,912.71 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |
| 37 | May 1, 2023 | $3,010.16 | ACH from Sarang Hospitality LLC, Bank of America Account #1660 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

### COUNT 38

The allegations of paragraphs 1-18 above are incorporated by reference as if fully set forth herein. On or about April 24, 2023, in the District of Arizona, Defendant ANTHONY CURTIS did knowingly and intentionally distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT 39

The allegations of paragraphs 1-18 above are incorporated by reference as if fully set forth herein. On or about May 11, 2023, in the District of Arizona, Defendant OTIS CHILDERS did knowingly and intentionally distribute a mixture or substance containing a detectible amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT 40

The allegations of paragraphs 1-18 above are incorporated by reference as if fully set forth herein. On or about November 30, 2023, in the District of Arizona, Defendant CHAUNTELLE MILLS did knowingly and intentionally distribute a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 41

The allegations of paragraphs 1-18 above are incorporated by reference as if fully set forth herein. On or about December 7, 2023, in the District of Arizona, Defendant LEONARDO GUERRERO did knowingly and intentionally distribute a mixture or substance containing a detectible amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNTS 42 - 44

The allegations of paragraphs 1-18 above are incorporated by reference as if fully set forth herein. On or about the dates below, in the District of Arizona, Defendant VARSHA PATEL, with knowledge that the statement was false, made a false statement to the United States Small Business Administration, for the purpose of influencing an action of the Small Business Administration, and for the purpose of obtaining money, property, or anything of value.  Specifically, Defendant VARSHA PATEL deliberately and with knowledge of the falsity of her omissions, reported on the OIC or SBA Form 770 certain statements listed below:

| Count | Date (on or about) | Amount | Nature of False Statement |
|-------|--------------------|--------|---------------------------|
| 42 | April 7, 2020 | $110,500 | Affirmed that "applicant is not engaged in any illegal activity (as defined by Federal guidelines)." |
| 43 | May 23, 2021 | $5,000 | Affirmed that "applicant is not engaged in any illegal activity (as defined by Federal guidelines)." |
| 44 | May 23, 2021 | $10,000 | Affirmed that "applicant is not engaged in any illegal activity (as defined by Federal guidelines)." |

In violation of Title 15, United States Code, Section 645(a).

**<u>FORFEITURE ALLEGATIONS</u>**

The Grand Jury realleges and incorporates the allegations of Counts 1-44 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to Title 18, United States Code, Sections 981(a)(1)(A), 981(a)(1)(C), and 982(a)(1), Title 21 United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), and upon conviction of one or more of the offenses alleged in Counts 1-44 of this Indictment, the defendants shall forfeit to the United States of America all right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense, and any property, real or personal, involved in, used, or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property, including but not limited to

1. A money judgment in the amount of no less than $1,525,619.00;

2. The real property located at Lots 27 and 28, of Bethany Main Plat 2, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 61 of Maps, Page 28, commonly known as 2510 West Palo Verde Drive, Phoenix, Arizona 85017;

3. The real property located at Lot 12 of Tract No. 14019-1, in the City of Chino Hills, County of San Bernardino, as per map recorded in Book 255 of Tract Maps, Pages 1 through 4, Records of said county, commonly known as 16193 Vermeer Drive, Chino Hills, California, 91709;

4. Life insurance policy held by New York Life Insurance Company with Account Number 47485227;

5. Life insurance policy held by New York Life Insurance Company with Account Number 46333514;

6. Life insurance policy held by New York Life Insurance Company with Account Number 24746603;

7. Life insurance policy held by New York Life Insurance Company with Account Number 45016924;

- 13 -

8.   Life insurance policy held by New York Life Insurance Company with Account Number 4493482; and

9.   Life insurance policy held by Massachusetts Mutual Life Insurance Company with Account Number 011214395.

If any forfeitable property, as a result of any act or omission of the defendant:

(1)  cannot be located upon the exercise of due diligence,

(2)  has been transferred or sold to, or deposited with, a third party,

(3)  has been placed beyond the jurisdiction of the court,

(4)  has been substantially diminished in value, or

(5)  has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. Section 853(p).

All in accordance with Title 18, United States Code, Sections 981(a)(1)(A), 981(a)(1)(C) and 982(a)(1), Title 21, United States Code, Sections 853 and 881, Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*s/*
FOREPERSON OF THE GRAND JURY
Date:

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/*
GAYLE L. HELART
PATRICK CHAPMAN
Assistant United States Attorneys

- 14 -